SCHAUB, Respondent, v. ST. LOUIS TRANSIT COM-
PANY, Appellant.

St. Louis Court of Appeals, May 2, 1905.

STREET RAILWAYS: Negligence: Duty of Motorman. In an ac-
tion against a street railway company for injuries received by
collision of one of the company's cars with plaintiff's wagon,
where the issue was whether the motorman could have seen
the plaintiff's wagon, stalled on the track, in the nighttime,
in time to have stopped the car and avoided the collision, the
evidence is examined and held sufficient to sustain a verdict
for the plaintiff.

Appeal from St. Louis City Circuit Court.—*Hon. Rob-
ert M. Foster,* Judge.

AFFIRMED.

*Boyle, Priest & Lehmann, George W. Easley,* and
*Glendy B. Arnold* for appellant.

*C. J. Schnake* and *O. J. Mudd* for respondent.

GOODE, J.—Plaintiff obtained a judgment against
the defendant for a personal injury to himself, the death
of his horse and damages to a wagon he was driving.
The several injuries were caused by one of the defend-
ant's trolley cars running against plaintiff and his horse
and wagon. The accident happened at the intersection
of Bartmer and Hamilton avenues in the city of St.
Louis, April 8, 1904, about 8 o'clock in the evening.
The plaintiff and his friend, Luke Tiernon, had ridden
in the wagon west along Bartmer avenue, which runs
east and west, to its intersection with Hamilton avenue,
running north and south. The defendant's street car
tracks extend along Hamilton avenue. Schaub was driv-

ing and attempted to cross the defendant's tracks on Hamilton avenue, but the horse stalled when the front wheels of the wagon came against the east rail of the car track. This was due to the fact that a hole had been washed in the surface of the street at that point, into which the wheels sank so deep that the horse was unable to pull the wagon over the track. Schaub urged the horse for a few minutes and then, realizing that probably they could not get out of their awkward position before a car came along, told Tiernon to jump out of the wagon, go south along the track and stop a car which might approach. Tiernon ran along the track for about three hundred feet, fell into an open sewer, scrambled out and about that time a car passed. He shouted as loudly as he could to the motorman, who failed to hear or to understand him and went ahead with the car. There was a passenger aboard who wished to get off at Bartmer avenue. The car slackened speed somewhat, but ran into the horse and wagon, knocked the plaintiff senseless and severely injured him, killed the horse and broke the wagon. The car stopped about four feet beyond the point of collision.

The only error complained of is that the trial court should have directed a verdict for the defendant; and the decision of this question requires an examination of the salient features of the evidence. It had been snowing that day and, perhaps, was drizzling or snowing at the time of the accident. The stress of the argument that a demurrer to plaintiff's case should have been granted was laid on the fact that the night was so dark the motorman could not see the peril of the plaintiff until it was too late to stop the car before striking him. Tiernon swore that when three hundred feet or more from the wagon he could see Schaub and the horse distinctly. He emphasized his statement by pointing to a man in the court room, saying, he could see Schaub and the horse as plainly as he could that man. He further swore

that it was out of the question to say the night was too dark to see any one. Tiernon's vision was not aided by the headlight which was on the car, as the motorman's was. Besides there was a street lamp at the northwest corner of the intersection of Bartmer and Hamilton avenues which threw light on the crossing. Beyond doubt there was substantial testimony tending to prove the motorman, by proper vigilance, could have discovered the plaintiff and his horse in time to stop the car before harm was done. The intention was to stop the car at Bartmer avenue and the speed was slackened somewhat for that purpose. The inference is fair and reasonable that the motorman could have seen the plaintiff two or three hundred feet away. The case presented was one for the jury and cannot be decided as a court matter without usurping the jury's province.

The judgment is affirmed. All concur.